UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| KATHERINE SUYAPA | ) | |
| HERNANDEZ-BARAHONA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' COMPLAINT FOR MONEY JUDGMENT

NOW COMES the United States of America, by and through Margaret E. Heap, United States Attorney for the Southern District of Georgia and the undersigned Assistant United States Attorney, on behalf of its agency, the United States Department of Homeland Security, to recover a sum certain due the Plaintiff based on the Defendant's failure to comply with a final removal order, pursuant to § 274D of the Immigration and Nationality Act, 8 U.S.C. § 1324(d).

## LEGAL BASIS FOR THE PENALTY

1.     The civil penalty arises under Section 274D(a) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1324d(a), and enforced under 8 C.F.R. Part 280. Section 1324d(a) provides that any alien subject to a final removal order who willfully fails or refuses to depart shall pay a civil penalty.

2.     Pursuant to 8 C.F.R. § 280.53(b)(14), the penalty is set at $998 per day for each day of violation.

## PARTIES

3.     The Plaintiff is the United States of America ("Plaintiff"), on behalf of the United States Department of Homeland Security ("DHS"), including its component agency, United States Immigration and Customs Enforcement ("ICE"). The debt was referred by DHS in accordance with the Debt Collection Improvement Act of 1996 ("DCIA"). *See* 31 U.S.C. § 3701, et seq.

4.     The Defendant is Katherine Suyapa Hernandez-Barahona ("Defendant"), an individual indebted to the United States for a civil penalty assessed for failure to comply with a final removal order. The total principal amount of the civil monetary penalty is $157,995.29 plus applicable interest as of December 9, 2025.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for recovery of debt under 28 U.S.C. § 3001, et seq.

6.     Venue is proper pursuant to 28 U.S.C. § 1391 and Local Rule 2.1(a) in that the events giving rise to Plaintiff's claims occurred in the Southern District of Georgia, and because the Defendant resides in Bryan County, located in the Savannah Division of the Southern District of Georgia.

## FACTS

7.     The Defendant is a citizen of Honduras who resides unlawfully in the United States of America and is subject to removal.

8.    Defendant received written notice of the time, date, and location of her removal hearing pursuant to 8 U.S.C. §§ 1229(a)(1) and (2), and was advised in writing of the consequences of failure to appear without exceptional circumstances as defined in 8 U.S.C. § 1229a(e)(1), including the possibility of an order of removal in absentia.

9.    Despite the aforementioned notice, the Defendant failed to appear for the removal hearing, and no exceptional circumstances were provided for failure to appear. As a result, the Denver Immigration Court conducted the hearing in absentia pursuant to 8 U.S.C. § 1229a(b)(5)(A) and determined the Notice to Appear to be true and removability established as charged. *See* Exhibit A, Order of the Immigration Judge ("Final Order").

10.    Following the Final Order, the Defendant became liable for a civil penalty of $998 per day under 8 U.S.C. § 1324d and 8 C.F.R. § 280.53.

11.    On May 19, 2025, ICE issued a Notice of Intention to Fine ("NIF") to the Defendant for a civil penalty of $156,686.00, the result of $998 per day multiplied by the 157 days that had passed following the Final Order. *See* Exhibit B.

12.    On or about June 9, 2025, the NIF was mailed to the Defendant at her last known address, 975 Canyon Oak Loop, Richmond Hill, Georgia 31324, via certified mail. The Defendant received and signed for the NIF on June 12, 2025. *See* Exhibit C.

13.    An invoice demanding payment by the Defendant was issued on July 10, 2025.  On July 21, 2025, ICE sent a past due notice to the Defendant informing her again of

this debt in the amount of $156,686.00 and demanding that payment be made. *See* Exhibit D.

14.     The Certificate of Indebtedness provides that as of December 9, 2025, the Defendant is indebted to the United States in the amount of $157,995.29. *See* Exhibit E.

15.     No payment has been made to satisfy this debt and ICE records show no record of the Defendant's departure from the United States and no record of a response by the Defendant contesting this fine. *Id.*

16.     Defendant violated Section 274(D) of the INA, codified at 8 U.S.C. § 1324d(a), and is subject to civil penalties recoverable in this civil action.

WHEREFORE, the United States demands judgment against the Defendant as follows:

1.     In the amount of $157,995.29 with interest to accrue at the annual rate of 6%, through the date of judgment;

2.     Post-judgment interest at the legal rate; and

3.     any such further relief that the Court deems just and proper.

Respectfully submitted, this 2nd day of February 2026.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Lindsay N. Berman-Hansell*
Lindsay N. Berman-Hansell
Assistant United States Attorney
Georgia State Bar No. 575823
22 Barnard Street, Suite 300
Savannah, Georgia 31401
Telephone: (912) 652-4422
Facsimile: (912) 652-4326
E-mail: Lindsay.Berman-Hansell@usdoj.gov